# Coover's Appeal.

1. A husband charged with adultery left home with his wife's knowledge, there being no evidence of desertion: she died about two months afterwards, he being still absent, and administration of her estate was granted to another: *Held*, that the husband was entitled to the administration.

2. The husband being entitled to all his wife's personal estate, may take out administration himself or nominate to the register a fit person to be appointed.

3. An appeal from the grant of administration may be properly made by an attorney in fact of the appellant.

APPEAL by Jacob S. Coover from the decree of the Register's Court of *Cumberland county*, confirming the grant by the regis-

ter of administration on the estate of his wife, Leah Coover, to her father, Christian Gleim.

In October 1865, Coover, being accused of adultery, left home with the knowledge of his wife, but there was no evidence of desertion. She afterwards corresponded with him by letter in an affectionate manner till near her death, about December 6th 1865. Letters of administration on her estate were granted to her father on the 9th of same month, Coover being still absent. On the 2d of January, Coover, still being absent, appealed by Wilson, his attorney in fact, from the grant of administration. On the 20th of January an information was made before a justice against Coover for adultery, and a warrant of arrest was placed in the hands of the constable, who was unable to find him.

The court below (Graham, P. J.) held that the appeal might be made by the attorney in fact, but that Coover was not entitled to administration, saying in his opinion:—

" It is clearly proved, and not controverted, that the husband is a fugitive from justice. He committed the crime of adultery, and left the country some months before the death of his wife, and up to the present time none of his former neighbours or relations who have testified in this case, have any knowledge of his present locality. * * * When a person has violated the laws and has become a fugitive, to escape criminal prosecution and the penalty imposed upon the guilty, he has no right to claim those peculiar rights and privileges which the Commonwealth confers upon her unoffending citizens; and when a husband commits the crime of adultery and to escape arrest and punishment flies from the officers of the law, leaving a fond and affectionate wife to pine away and die broken-hearted a few months after her husband's absence, and then asks, through the agency of an attorney, that which he dare not appear to ask in person, that the letters granted to the father of a deceased daughter shall be revoked in favour of the nominee of her absconding husband; we do not consider that the law demands compliance with such a request.

" But aside from this, there is a fatal objection to granting letters to the nominee of the husband's attorney. Jacob S. Coover, the husband, does not authorize Mr. Wilson, his attorney in fact, to apply for letters of administration to him, but to his father, or to any other person or persons that his said attorney in fact shall name, and Mr. Wilson asks that letters may be granted to Samuel Coover, the father of Jacob S. Coover. It is well settled that the person entitled to administration, for instance the widow, cannot, if she declines, substitute another in her place to the exclusion of the next of kin. [See Williams' Appeal, 7 Barr 259; McClellan's Appeal, 4 Harris 110, and Hinney's Appeal, not yet reported, and the authorities there cited.] But it is argued that the husband being exclusively entitled to the personal estate of his

[Coover's Appeal.]

deceased wife on failure of issue, the father is not a party in interest, but stands in the position of a stranger, and the register is required to regard the nominee of the husband in exclusion of strangers. But in this case the father claims to be the distributee of his daughter in exclusion of the husband; that the husband, by his criminal conduct and absence from his wife, comes within the provisions of the Act of 4th May 1855, Pamph. L. 430, and is not entitled to the estate. This raises a question of distribution which the Register's Court cannot decide, but the evidence before us shows that the personal estate of the decedent is claimed by her husband and by her father. This question can only be determined when the estate is brought into the Orphans' Court for distribution. But this prevents us considering the father as a stranger. He claims to be the only distributee of the deceased, and so does her husband. We cannot now decide the question of distribution. The husband does not ask for administration, but that the father be passed by and letters granted to a stranger."

This decree was assigned for error.

*Watts*, *Miller* and *Penrose*, for appellant, cited Constitution of Pennsylvania, art. 5-9, § 9; Act of 31st March 1860, § 36, Purd. 223; Act of 15th March 1832, § 22-31, Pamph. L. 145; Act of April 11th 1848, § 9, Pamph. L. 537; McClellan's Appeal, 4 Harris 115; Meyer *v.* Littell, 2 Barr 177; Aspinwall *v.* Queen's Proctor, 2 Curt. Eccl. R. 241-8; Clark *v.* Clark, 6 W. & S. 85; Moyer's Appeal, 4 Harris 405; Keech's Appeal, 10 Barr 261, Act of May 5th 1855, Pamph. L. 430.

*S. Hepburn* and *S. Hepburn, Jr.*, for appellee, cited Williams' Appeal, 7 Barr 260; McCllellan's Appeal, 4 Harris 115.

The opinion of the court was delivered, May 31st 1866, by

Read, J.—The 5th section of the Act of 21st March 1772, for preventing of frauds and perjuries, is copied from the English Statute of Frauds of 29 Charles 2d, and is in these words: "The Act entitled 'An Act for better settling of Intestates' Estates,' passed in the fourth year of the late Queen Anne, or anything therein contained, shall not be construed to extend to the estates of *feme coverts* that shall die intestate, but their husbands may demand and have administration of their rights, credits and other personal estates, and recover and enjoy the same, as they might have done before the making of the said act."

In their remarks upon the bill relating to registers and registers' courts, reported by them, the revisors say of what is now the 22d section of the Act of 15th March 1832: "We have added a proviso from the Act 21st March 1772, § 5 (Purd. 371, ed. 1824),

giving the husband the right to administer upon the estate of his wife deceased." This proviso is in these words: "Provided, That if such decedent were a married woman, her husband shall be entitled to the administration in preference to all other persons."

By the 3d article of the 1st section of the Act of 8th April 1833, "where such intestate shall leave a husband he shall take the whole personal estate;" and by the 9th section of the Act of 11th April 1848, "where any married woman possessed of separate personal property as aforesaid shall die intestate, her husband shall be first entitled to letters of administration on her estate, which said estate shall be distributed as follows: if such married woman shall leave no children, nor the descendants of such living, the husband shall be entitled to such personal estate absolutely." Mrs. Coover died intestate on the 6th December 1865, leaving no children, nor the descendants of such living, but leaving her husband, Jacob S. Coover, her surviving, and of course entitled to the whole of her personal estate, and entitled to letters of administration on her estate. He therefore may take out the letters himself, or nominate to the register a fit person to be appointed. The father of Mrs. Coover, Mr. Gleim, three days after her decease, took out letters of administration on the estate of Mrs. Coover, having no possible right to do so, and having no interest whatever in the personalty, which on the death of her husband would go to his next of kin, or to his legatees if he died testate.

From the granting of letters of administration, Jacob S. Coover, by his attorney in fact, Robert Wilson, desiring the appointment of Samuel Coover, father of Jacob, appealed to a Register's Court which refused to revoke the letters to Gleim; and hence this appeal, which the court held was rightly made by the attorney in fact, but they refused to reverse the decree or order of the register, and to revoke the letters granted by him.

In this the court were clearly in error, for there was not a single circumstance preventing the husband from demanding and receiving the letters for himself, and of course for his appointee, if there was no personal objection to the nominee. The law, as we have stated it, is too clear and positive to admit of argument.

The decree, therefore, of the Register's Court, affirming the register's action, is reversed, the letters of administration issued to Christian Gleim are revoked, and the register is directed to issue letters of administration to the appointee of the husband upon his giving the usual security.